# Exhibit 1

Suit email sent and logged. BCLane 5/13/2024 10:42 AM

COMMONWEALTH OF KENTUCKY
BARREN CIRCUIT COURT
CIVIL ACTION NO. 23-CI-00549
(Filed Electronically)

Jalleem Bailey     Plaintiff

v.

**Plaintiff's First Amended Complaint**

Lauren Stinson     Defendants

And

Shuffett's Adult Day Care, Inc. d/b/a
Edmonton Adult Day Health

    Serve:

    Elizabeth Anne Shuffett – Registered Agent
    104 Hill St.
    Edmonton, KY 42129

The Plaintiff, Jalleem Bailey, by counsel and for his first amended complaint against the Defendants, Lauren Stinson and Shuffett's Adult Day Care, Inc. d/b/a Edmonton Adult Day Health ("Shuffett's"), states as follows:

1. Jalleem Bailey is a resident of Barren County, KY and was at the time of the collision upon which this action is based.

2. Lauren Stinson is a resident of Barren County, KY and was at the time of the collision upon which this action is based.

3. The motor vehicle collision that forms the basis of this complaint occurred in Barren County, KY and the damages exceed the jurisdictional limit of this Court.

4. As such, Barren Circuit Court has jurisdiction of and is the proper venue for this action.

5. On August 25, 2023, Jalleem Bailey was operating his motorcycle in a safe and careful manner.

6. Jalleem was traveling on South Franklin Street, approaching the intersection with East College Street.

7. At the same time, Lauren Stinson was operating her vehicle in an unsafe manner.

8. Stinson was operating her vehicle while in the course and scope of her employment for Shuffett's.

9. Stinson was traveling on East College Street, approaching the intersection with South Franklin Street.

10. Jalleem was traveling straight through the intersection, with the right of way.

11. As Jalleem entered the intersection on his motorcycle, Stinson entered the intersection as well.

12. As she entered the intersection, Stinson was traveling far too fast for roadway conditions.

13. Due to her inattention and failure to keep a proper lookout ahead, Stinson failed to yield to Jalleem's approaching motorcycle.

14. Stinson crossed a double yellow line and entered Jalleem's lane of travel.

15. Stinson's vehicle crashed into Jalleem's motorcycle at a high rate of speed.

16. The crash caused considerable damage to Jalleem's motorcycle.

17. The crash caused Jalleem to sustain severe injuries.

18. Jalleem suffered fractures to both of his legs, a fractured vertebra, a pulmonary embolism, a shoulder injury and significant road rash.

19. Jalleem's injuries have resulted in severe pain and lack of mobility.

20. Jalleem has received extensive medical treatment for his injuries and symptoms, including multiple surgeries and a hospitalization.

21. He continues to suffer from his symptoms on a daily basis and his medical treatment is on-going.

22. Stinson had a duty to use reasonable care in operating her vehicle on August 25, 2023.

23. Stinson's duty included specific duties to obey the roadway markings, watch for oncoming vehicles and yield to oncoming vehicles that had the right of way.

24. Stinson breached her duty of care by:

    a. operating her vehicle in a careless manner;

    b. being inattentive;

    c. failing to keep a proper lookout ahead;

    d. traveling too fast for roadway conditions;

    e. disregarding and crossing a double yellow roadway marking; and

    f. failing to yield to Jalleem's oncoming vehicle.

25. Stinson's breach of duty caused her vehicle to crash into Jalleem's motorcycle.

26. As a direct and proximate result of Stinson's breach of duty, Jalleem has sustained serious and permanent injuries and damages, including past and future medical expenses, lost wages, impairment of earning capacity, physical pain and suffering and mental and emotional distress.

27. Stinson is responsible for those damages.

28. Stinson's actions on August 25, 2023 were in violation of KRS 189.290.

29. Stinson's actions on August 25, 2023 were in violation of KRS 189.330(10).

30. Stinson' actions on August 25, 2023 were in violation of KRS 189.390(2).

31. These statutes were promulgated and adopted to provide for the safety of other drivers and passengers on the public roadways, like Jalleem Bailey.

32. Stinson was negligent per se when she:

   a. failed to operate her vehicle in a careful manner;

   b. failed to maintain a proper lookout ahead;

   c. was inattentive;

   d. traveled too fast for roadway conditions;

   e. disregarded and crossed a double yellow roadway marking; and

   f. failed to yield to Jalleem's oncoming motorcycle.

33. As a result of Stinson' negligence per se, she is responsible for the injuries and damages caused to Jalleem, as outlined above.

34. On August 25, 2023, Stinson further acted with a reckless disregard for the life and safety of others, including Jalleem Bailey.

35. As such, Jalleem is entitled to an assessment of punitive damages against Stinson.

36. At the time of this crash, Stinson was acting as an agent, servant and/or employee of Shuffett's.

37. Upon information and belief, Stinson was working with a client of Shuffett's and running an errand for that client.

38. At the time of this crash, Stinson within the course and scope of her employment or agency and in furtherance of the interests of Shuffett's.

39. As such, Shuffett's is liable for Stinson's conduct in causing this crash and liable for all damages that Jalleem sustained as a result of this crash.

40. Shuffett's additionally had a duty to properly hire, train and supervise the activities of its employees or agents, including Stinson.

41. This included a duty to properly train and supervise each employee or agent in the safe operation of a motor vehicle, while performing work for Shuffett's.

42. Shuffett's breached its duty of care by failing to properly hire, train and supervise Stinson in the operation of a motor vehicle, while performing work for Shuffett's.

43. As a direct and proximate result of Shuffet's breach of duty, Jalleem has sustained serious and permanent injuries and damages, including past and future

medical expenses, lost wages, impairment of earning capacity, physical pain and suffering and mental and emotional distress.

44. Shuffett's is responsible for those damages.

The plaintiff, Jalleem Bailey, demands relief from the defendants, Lauren Stinson and Shuffett's Adult Day Care, Inc. d/b/a Edmonton Adult Day Health, as follows:

1. That Summons be issued to the Defendants;

2. Judgment against the Defendants, in favor of Jalleem Bailey, in an amount that is determined to be fair and reasonable, for:

    a. Past and future medical expenses;

    b. Past lost wages;

    c. Permanent loss of his ability to earn money in the future;

    d. Past mental and physical pain, suffering and inconvenience;

    e. Future mental and physical pain, suffering and inconvenience;

    f. Punitive damages;

    g. Other expenses incurred by the plaintiff;

    h. The plaintiff's costs, including his attorney's fees

3. Pre-judgment and post-judgment interest;

4. Trial by jury;

5. Any and all other relief to which the Plaintiff may appear to be entitled.

Lowder & McGill, PLLC
537 E. 10th Ave., Suite 200
P.O. Box 900
Bowling Green, KY 42102-0900
Office: (270) 842-3924
Fax: (270) 282-2085

*/s/ Matt McGill*
matt@lowdermcgill.com