UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:24-cv-88-GNS

NATIONAL INDEMNITY COMPANY                                    PLAINTIFF

V.

SHUFFETTS DAY ADULT DAY CARE INC. d/b/a
EDMONTON ADULT DAY HEALTH,
LAUREN STINSON and JALLEEM BAILEY                            DEFENDANTS

---

## MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
*[Filed Electronically]*

---

Plaintiff, National Indemnity Company ("National"), by counsel, and for its Memorandum

in Support of Motion for Default Judgment, states as follows:

### INTRODUCTION

This is a declaratory judgment action relating to insurance coverage for an auto accident

involving Defendant Lauren Stinson ("Stinson") and causing injury to Defendant Jaleel Bailey

("Bailey"). That accident gave rise to a lawsuit currently pending in Barren Circuit Court styled

*Jaleel Bailey v. Lauren Stinson et al.,* Civil Action No. 23-CI-00549 (the "Tort Action") in which

Bailey seeks recovery for his damages caused by the Accident. Bailey named both Stinson and

her alleged employer, Shuffetts Adult Day Care, Inc. d/b/a Edmonton Adult Day Health

("Shuffetts"), as Defendants in the Tort Action. At all relevant times, Shuffetts had in place a

commercial liability insurance policy issued by Plaintiff National ("the Policy"). As the accident

occurred while Stinson was driving her personal automobile not insured under the National Policy,

an actual controversy arose between the parties as to insurance coverage under the Policy for the

Tort Action, which led to the filing of the instant case.  Plaintiff's Declaratory Judgment Complaint was filed on or about July 10, 2024.  While Defendants Shuffetts and Bailey responded timely to the Complaint, Stinson did not.  Despite Stinson being properly served with the Declaratory Judgment Complaint on or about August 16, 2024 – and multiple extensions granted to Stinson through lawyers who were considering representing her – no attorney has ever made an appearance in this case on Stinson's behalf nor has she filed an Answer or responsive pleading.  As such, Plaintiff National respectfully requests entry of a Default Judgment against Stinson and a declaration that it has no duty to continue to defend her in, nor indemnify her for, the Tort Action and/or to pay any settlement she reaches or judgment entered against her in the Tort Action.

**ARGUMENT**

### I.    This Court has jurisdiction.

National's Declaratory Judgment Complaint asserted jurisdiction based on diversity of citizenship, which is proper where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. As described in the Complaint and demonstrated by the proof of service, Defendant resides in, and is a citizen of, the Commonwealth of Kentucky. (ECF Nos. 9 at p. 3). National is a citizen of Nebraska, as described in Plaintiff's Rule 7.1 disclosure. (ECF No. 4). Thus, there is complete diversity among the parties. As described in the Complaint and in this Motion, the amount in controversy exceeds $75,000, exclusive of interest and costs, and jurisdiction under 28 U.S.C. § 1332 is proper. Moreover, because Defendant is domiciled in this district, personal jurisdiction exists and venue is proper. *See, e.g., Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1780 (2017) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); 28 U.S.C. § 1391(b)(1) (venue proper in "a judicial district in which any defendant

2

resides, if all defendants are residents of the State in which the district is located"). As such, this Court has jurisdiction over Stinson to enter the default judgment requested.

## II.    Default judgment is appropriate.

Defendant was served with process at her residence through certified mail consistent with Federal Rule of Civil Procedure 4(e)(1). (ECF No. 9 at p. 3). As of the time of this filing, the Defendant has failed to plead or otherwise defend the present lawsuit. (Affidavit of Mindy G. Barfield, Ex. 1 ("Barfield Aff."), at ¶ 2).[1] Defendant is not a minor, incompetent person, member of the military, or officer of the federal government. (*Id.* at ¶ 4). Thus, entry of default judgment is appropriate.

### CONCLUSION

WHEREFORE, because the Defendant, Stinson, has failed to respond to the Complaint after proper service, Plaintiff respectfully requests that the Court enter a Default Judgment against Defendant Stinson as described herein and in the proposed Default Judgment tendered herewith, and which declares that National has no duty to continue to defend Stinson in the Tort Action and/or to indemnify her for any adverse judgment against her or pay any settlement or judgment entered against her in the Tort Action.

Respectfully submitted,

/s/ Mindy G. Barfield
Mindy G. Barfield
DINSMORE & SHOHL LLP
100 West Main Street, Suite 900
Lexington, Kentucky 40507
T: 859-425-1000
F: 859-425-1099
mindy.barfield@dinsmore.com
*Counsel for Plaintiff*

---

[1] Because the Defendant has failed to appear, notice of the motion is not required pursuant to Federal Rule of Civil Procedure 5(a)(2).

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was served this the 7th day of March, 2025, via U.S. Mail, postage prepaid, upon the following:

Richard L. Walter
BOEHL STOPHER & GRAVES, LLP
410 Broadway
Paducah, KY  42001

Matt McGill
LOWDER & MCGILL, PLLC
P. O. Box 900
Bowling Green, KY  42103

/s/ Mindy G. Barfield
*Counsel for Plaintiff*

53194867.1