UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00088-GNS-HBB

NATIONAL INDEMNITY COMPANY                                                    PLAINTIFF

v.

SHUFFETTS DAY ADULT DAY CARE INC. et al.                                     DEFENDANTS

**ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment (DN 24).  In the motion, Plaintiff seeks default judgement against Defendant Lauren Stinson ("Stinson").

"[T]he entry of default is the first procedural step necessary in obtaining a default judgment." *McDonald v. DeKalb Fed. Sav. & Loan*, 818 F.2d 31, 1987 WL 36008, at *1 (6th Cir. 1987) (citing Fed. R. Civ. P. 55(a); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986)).  The docket, however, reflects that there has been no clerk's entry of default entered against Stinson pursuant to Fed. R. Civ. P. 55(a).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (DN 24) is **DENIED WITHOUT PREJUDICE**.  The Court will entertain a refiled motion after the procedure detailed in Fed. R. Civ. P. 55(a) has been satisfied.[1]

Greg N. Stivers, Chief Judge
United States District Court

March 31, 2025

cc:      counsel of record

---

[1] When moving for default judgment, Plaintiff will need to address whether the Court should exercise jurisdiction over this declaratory judgment action based on the factors articulated in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984). *See Allstate Ins. Co. v. Cantrell Funeral Home Inc.*, 506 F. Supp. 3d 529, 541 (E.D. Mich. 2020) ("A clerk's entry of default is not a guarantee that a court's entry of default judgment is going to follow in a suit arising under the Declaratory Judgment Act.").