UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:24-CV-88-GNS

National Indemnity Company                                        Plaintiff

vs.

Shuffetts Adult Day Care, Inc.
d/b/a Edmonton Adult Day Health,
Lauren Stinson and Jalleem Bailey                              Defendants

### Defendant Jalleem Bailey's Brief
### On *Grand Trunk* Factors

The Defendant, Jalleem Bailey, by counsel and for his Brief on *Grand Trunk* Factors, as Ordered by the Court on July 18, 2025, states as follows:

The Defendant does not dispute the pertinent facts, as outlined in the Plaintiff's Brief. Lauren Stinson crashed into Jalleem Bailey while operating her personal vehicle, while in the course and scope of her employment for Shuffett's Adult Day Care, Inc. The crash occurred in Barren County, KY and Bailey filed suit in Barren County against Stinson and Shuffett's. The Defendant agrees that Stinson's vehicle was not listed as a covered auto under the National Indemnity Company ("NICO") insurance policy that was issued to Shuffett's. NICO is not a defendant in the underlying state court action and there are no insurance coverage issues before the Barren Circuit Court.

In this particular case, the Defendant has no objection to the U.S. District Court exercising jurisdiction under the Declaratory Judgment Act and ruling on NICO's dispositive motions. This Court's ruling would settle the controversy of

1

whether NICO must provide coverage for Jalleem Bailey's claims in the underlying case, which would clarify the legal relationship between NICO and Bailey.

The Defendant does not believe that, in this particular case, NICO practiced "procedural fencing." The Defendant did not file a motion to remand this action to state court. The Court's exercise of jurisdiction in this case should not increase friction between state and federal courts, as the coverage issues are not before the Barren Circuit Court. Finally, requiring NICO to seek an alternative remedy in state court would only cause delay, as the outcome would likely not be any different.

For these reasons, the Defendant requests that the Court exercise jurisdiction under the Declaratory Judgment Act and rule on NICO's pending dispositive motions.

Lowder & McGill, PLLC
537 E. 10th Ave., Suite 200
P.O. Box 900
Bowling Green, KY 42102-0900
Office: (270) 842-3924


*/s/ Matt McGill*
matt@lowdermcgill.com
*Attorney for Jalleem Bailey*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that this 31st day of July 2025, I electronically filed this pleading with the clerk by using the court's CM/ECF system, which will send a notice of electronic filing, with a link to the pleading, to the following:

Mindy G. Barfield, Esq.
Dinsmore & Shohl, LLP
*Attorney for National Indemnity Company*

Richard L. Walter
Boehl Stopher & Graves, LLP
*Attorney for Shuffett's Adult Day Care, Inc.*

*/s/ Matt McGill*